UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES DAVIS,<br><br>    Plaintiff,<br><br>vs.<br><br>DWIGHT NEVEN, *et al.*,<br><br>    Defendants. | Case No. 2:13-cv-01380-APG-PAL<br><br>**ORDER** |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.[1] Plaintiff has submitted an application to proceed *in forma pauperis*. (Dkt. No. 1). Based on the financial information provided, the Court finds that plaintiff is entitled to proceed *in forma pauperis* in this matter. Plaintiff's two subsequent applications to proceed *in forma pauperis* (Dkt. Nos. 4 & 5) are denied as moot.

The Court entered a screening order on November 19, 2013. (Dkt. No. 7). The screening order imposed a 90-day stay and the Court entered a subsequent order encouraging the parties to engage in informal settlement discussions. (Dkt. Nos. 7 & 10). The Office of the Attorney General

---

[1] Plaintiff was incarcerated within the Nevada Department of Corrections (NDOC) at the time he filed the complaint. On November 20, 2013, plaintiff filed a notice of address change indicating that he resides at a street address in Las Vegas, Nevada. (Dkt. No. 9).

1  has filed a status report indicating that settlement was not reached and informing the Court of its
2  intent to proceed with this action.  (Dkt. No. 11).

3  **IT IS THEREFORE ORDERED** that:

4  1.  Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 1) is **GRANTED**.
5  Plaintiff's subsequent applications to proceed *in forma pauperis* (Dkt. No. 4 & 5) are **DENIED AS**
6  **MOOT.**

7  2.  The Clerk shall electronically **SERVE** a copy of this order and a copy of plaintiff's
8  complaint (Dkt. No. 8) on the Office of the Attorney General of the State of Nevada, attention Kat
9  Howe.

10  3.  Subject to the findings of the screening order (Dkt. No. 7), within **twenty-one (21) days**
11  of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court
12  and plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the
13  defendants for whom it does not accept service, and (c) the names of the defendants for whom it is
14  filing last-known-address information under seal.  As to any of the named defendants for which the
15  Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known
16  address(es) of those defendant(s) for whom it has such information.

17  4.  If service cannot be accepted for any of the named defendant(s), plaintiff shall file a
18  motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a
19  full name and address for the defendant(s).  For the defendant(s) as to which the Attorney General
20  has not provided last-known-address information, plaintiff shall provide the full name and address
21  for the defendant(s).

22  5.  If the Attorney General accepts service of process for any named defendant(s), such
23  defendant(s) shall file and serve an answer or other response to the complaint within **sixty (60) days**
24  from the date of this order.

25  6.  Henceforth, plaintiff shall serve upon defendant(s) or, if an appearance has been entered
26  by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for

consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

Dated: February 28, 2014.

_____
UNITED STATES DISTRICT JUDGE